IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DEMARCUS WHITAKER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 118-141 |
| | * | |
| THE BOARD OF REGENTS OF THE | * | |
| UNIVERSITY SYSTEM OF GEORGIA, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Plaintiff DeMarcus Whitaker, proceeding *pro se*, filed this action on August 31, 2018. (Compl., Doc. 1.) Defendants The Board of Regents of the University System of Georgia, Keel, Reed, Thurman, Byrdson, Wear, Boehmer, and Woods ("Moving Defendants") filed a motion to dismiss (Doc. 18), Plaintiff filed a response (Docs. 21, 22-1), and Moving Defendants filed a reply (Doc. 23). In his response, Plaintiff moved to amend his Complaint.[1] (Br. Resp. to Mot. to Dismiss, at 24-25.) Under Federal Rule of Civil Procedure 15(a), "The court should freely give leave [to amend]

---

[1] Plaintiff states, "I would like to amend [my Complaint] after the motion to dismiss has been decided." (Br. Resp. to Mot. to Dismiss, Doc. 22-1, at 25.) The Court, however, construes this request as Plaintiff moving to amend the Complaint before the motion to dismiss has been decided. Although motions to amend the Complaint embedded within an opposition brief are generally insufficient for counseled parties, the Court accepts Plaintiff's request because he is proceeding *pro se*. Compare Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009), with Rivas v. Bank of N.Y. Mellon, 676 F. App'x 926, 931 n.4 (11th Cir. 2017).

when justice so requires." No defendant raises an objection to Plaintiff's request to amend his Complaint. Upon due consideration, the Court permits Plaintiff leave to amend his Complaint. Plaintiff must file the amended complaint within **FIFTEEN (15) DAYS** from the date of this Order. Having granted Plaintiff an opportunity to amend his Complaint, the Court **DENIES AS MOOT** Defendant's motion to dismiss (Doc. 18).

The Court also directs Plaintiff to heed the following notice. As it stands, Plaintiff's Complaint amounts to a "shotgun pleading." The Eleventh Circuit has identified four types of shotgun pleadings, and Plaintiff's Complaint fits three. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). First, Plaintiff's Complaint commits the "mortal sin" of "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321-22. Second, Plaintiff's 112-page Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third, pertaining to some counts, Plaintiff is guilty "of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323.

2

As pointed out by Moving Defendants, the Court is not required to "sift through the facts presented and decide for itself which [are] material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted). To complicate matters further, in his response, Plaintiff seems to allege that certain state law counts in the Complaint are also part of other federal law counts. (Br. Resp. Mot. to Dismiss, at 10-12; Reply Supp. Mot. to Dismiss, Doc. 23, at 2-3.) In the motion to dismiss, Moving Defendants observe that certain claims are "difficult to completely follow" and cite cases describing shotgun pleadings. (Br. Supp. Mot. to Dismiss, Doc. 18-1, at 7, 9; see also id. at 2 n.2, 3.)

The Eleventh Circuit "ha[s] little tolerance for shotgun pleadings." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (quotation omitted). "When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of [his] claims before dismissing [his] case with prejudice." Embree v. Wyndham Worldwide Corp., ___ F. App'x ___, 2019 WL 3183632, at *4 (11th Cir. 2019) (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018)). The Court considers Plaintiff's present opportunity to amend his Complaint as his one chance to replead a more definite statement of his claims. In repleading, the Court instructs Plaintiff to: (1) clearly delineate which factual allegations

3

pertain to each claim, (2) clarify the defendants against whom each claim is brought, (3) describe the alleged actions taken by specific defendants in support of each claim, and (4) separate each claim of relief based on a discrete theory or series of facts into different counts.

Lastly, the Court finds it proper to dismiss three defendants. First, Plaintiff has withdrawn his claims against Brooks Keel and Robert Boehmer. (Br. Resp. to Mot. to Dismiss, at 24.) Thus, the Court **DISMISSES WITHOUT PREJUDICE** this action as against Brooks Keel and Robert Boehmer. Second, Plaintiff failed to properly serve James Rush, and the ninety-day window to effect service has expired. FED. R. CIV. P. 4(m). Plaintiff attempted to serve James Rush by leaving the summons with an individual who is designated by law to accept service of process on behalf of Augusta University. (Doc. 17, at 1.) Service in this manner, however, is ineffective. See FED R. CIV. P. 4(e); O.C.G.A. § 9-11-4(e)(7); see also McDuffie v. DeKalb Cty. Police Dep't, No. 1:16-cv-1430-WSD, 2016 WL 7239954, at *6 (N.D. Ga. Dec. 15, 2016). Plaintiff's *pro se* status is not an excuse for failure to serve Mr. Rush. Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 348 n.4 (11th Cir. 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). In addition, when insufficient service was raised by Moving Defendants in the motion to dismiss (Mot. to Dismiss, Doc. 18, at 1 n.1), Plaintiff — rather than show the existence of good

4

cause — responded that he effected proper service (Resp. to Mot. to Dismiss, Doc. 21, at 1 n.1).  See FED. R. CIV. P. 4(m).  For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** this action as against Mr. Rush.  The Clerk is directed to **TERMINATE** as defendants Brooks Keel, Robert Boehmer, and James Rush.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of September, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA